# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| PAMELA CHESTER, | Case No. 2:15-CV-1724 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| NANCY A BERRYHILL, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Leen's report and recommendation ("R&R"). (ECF No. 21). Plaintiff Pamela Chester ("plaintiff") filed an objection (ECF No. 25), to which defendant Carolyn Colvin ("defendant") replied (ECF No. 27).

Also before the court is plaintiff's motion to remand to the Social Security Administration. (ECF No. 14). Defendant filed a response (ECF No. 16), to which plaintiff replied (ECF No. 18).

Lastly before the court is defendant's cross-motion to affirm. (ECF No. 15). Plaintiff filed a response. (ECF No. 17). Defendant did not file a reply, and the time for doing so has passed.

**I.      Facts**

The parties do not object to the factual presentation in the R&R. Therefore, the court adopts the factual representation in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

**II.     Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

**James C. Mahan**
**U.S. District Judge**

LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

### III. Discussion

Plaintiff makes three objections to Magistrate Judge Leen's R&R. (ECF No. 25). First, plaintiff alleges that Magistrate Judge Leen's R&R impermissibly relies on *post hoc* rationalizations to support the administrative law judge's ("ALJ") decision to discredit plaintiff's testimony. *Id.*

Second, plaintiff alleges Magistrate Judge Leen improperly relied on *Stubbs-Danielson* to dispose of her argument that the ALJ should have accounted for her moderate limitation in maintaining "concentration, persistence, or pace" in his "residual functional capacity" assessment. *Id.* at 4–5. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir 2008).

Finally, plaintiff argues that, contrary to Magistrate Judge Leen's R&R, the "ALJ failed to assess any limitations as a result of [plaintiff's] severe impairment" due to her history of bilateral carpal tunnel syndrome ("CTS"). (ECF No. 25 at 5–6). The court will address each of these objections in turn.

   *a. The credibility of plaintiff's testimony*

In her objection, plaintiff argues that the ALJ only articulated one reason for rejecting the credibility of plaintiff's testimony. (ECF No. 25 at 2). Plaintiff notes that while "both the [commissioner] and [Magistrate Judge Leen] identify other reasons to support the ALJ's determination, this court is limited to those reasons articulated by the ALJ." *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citations omitted)). Plaintiff reasons that the

inclusion of such *post hoc* rationalizations constitutes an admission that the ALJ failed to articulate "clear and convincing" reasons why he discredited plaintiff's testimony, as required. (ECF No. 25 at 2). *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

In her response, defendant counters that the R&R did not rely on *post hoc* rationalizations to find that the ALJ appropriately discounted plaintiff's alleged symptoms; rather, the R&R "tracked the findings listed in the ALJ's decision." (ECF No. 27 at 2). Defendant provides examples of these findings, as follows:

> Although Plaintiff had a history of abdominal hernias, there was no indication that this condition restricted her ability to perform a limited range of light work, contrary to her allegations of disabling symptoms. Further, the evidence showed that she was pleased with the results of her surgeries (R&R at 9, 21; AR 16).
>
> The evidence undermined Plaintiff's allegations of symptoms from carpel [sic] tunnel syndrome (CTS). She received little (if any) treatment for this condition after her alleged disability onset date, and she did not identify any treatment records showing significant symptoms or limitations from CTS (R&R at 9, 21; AR 16).
>
> The physician opinions cast doubt on Plaintiff's claims of disabling symptoms and suggested she could perform a range of light work (R&R at 9, 21-22; AR 16).
>
> Contrary to Plaintiff's complaints of significant back symptoms, her treatment records showed that surgeries successfully alleviated her symptoms and medication improved her pain and functionality by 90% (R&R at 10, 23; AR 16).
>
> Plaintiff's daily activities cast doubt on her claims of disabling impairments. Instead, the evidence showed she was quite active, did physical work around the house, and engaged in water aerobics, hiking, and traveling (R&R at 10, 23-24; AR 16-17).
>
> No treating or examining physician assessed limitations greater than those that the ALJ found, further undermining Plaintiff's subjective complaints (R&R at 10-11, 24; AR 17).

(ECF No. 27 at 2–3).

The court agrees with defendant that (1) these justifications appear in the ALJ's decision to support his credibility findings, and thus do not constitute *post hoc* rationalizations presented by Magistrate Judge Leen, and (2) "these findings were valid, legally-sufficient reasons for discounting [plaintiff's] allegations of disabling symptoms and limitations." *Id.* at 3. *See Stubbs-Danielson*, 539 F.3d at 1175. Moreover, as defendant points out, even if there is more than one reasonable interpretation of the evidence in plaintiff's case, so long as the ALJ offers "a reasonable interpretation [that] is supported by substantial evidence," it is not the court's role to

second-guess the ALJ's determination. *Id.* at 4. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

In light of the foregoing evidence presented in the ALJ's decision and recounted in Magistrate Judge Leen's R&R, the court finds that the ALJ properly articulated clear and convincing reasons why he discredited plaintiff's testimony regarding the extent of her impairments. Accordingly, plaintiff is not entitled to relief based on this argument, and the court adopts Magistrate Judge Leen's R&R to the extent that it addresses this topic.

> *b. The ALJ's treatment of plaintiff's moderate limitation in "concentration, persistence, or pace"*

Plaintiff further objects to the ALJ's alleged failure to consider plaintiff's difficulties with "concentration, persistence, or pace" in determining that she is capable of performing "simple, repetitive work." (ECF No. 25 at 4). In support of her objection, plaintiff cites *Brink v. Comm'r SSA*, which rejected the argument that an "assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace" where the ALJ found that the claimant could perform certain light work, contrary to the vocational expert's testimony. *Brink v. Comm'r SSA*, 343 Fed. Appx. 211, 212 (9th Cir. 2009) (unpublished).

Defendant counters that Magistrate Judge Leen properly relied on *Stubbs-Danielson v. Astrue* "to find that the ALJ's RFC assessment for simple, repetitive work adequately accommodated plaintiff's moderate limitation in concentration, persistence, and pace." (ECF No. 27 at 4). *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169. 1174 (9th Cir. 2008). Indeed, in addition to the fact that *Brink* is an unpublished decision, and is therefore not binding on this court, the facts of *Brink* are distinguishable from the instant case. In *Brink*, the ALJ found that the claimant could perform certain light work, *contrary* to the vocational expert's testimony. *Brink*, 343 Fed. Appx. at 212. Here, however, the ALJ's determination was consistent with the medical evidence and the testimony of the consultative examiners. *See* (AR 16, 18, 443).

Because plaintiff presents no authoritative case law or statutory authority requiring an outcome different from the one reached by the ALJ, and subsequently Magistrate Judge Leen, the court finds that the ALJ adequately considered plaintiff's limitations with respect to

James C. Mahan
U.S. District Judge

- 4 -

"concentration, persistence, and pace." Accordingly, plaintiff is not entitled to relief based on this objection, and the court adopts the R&R insofar as it addresses this topic.

  *c. The ALJ's treatment of plaintiff's severe impairment due to history of bilateral CTS*

Lastly, plaintiff objects to Magistrate Judge Leen's finding that the ALJ's RFC assessment omitted her "work-related limitations" with respect to her history of CTS. (ECF No. 25 at 5–6). Plaintiff notes that the "evidence clearly supports that [plaintiff] has a history of bilateral [CTS] . . . and she testified that she continues to have problems wherein she drops things and has swelling in her hands." *Id.*

Defendant argues that the R&R properly interpreted the record, which showed that plaintiff received "little (if any) treatment for CTS" and that the evidence did not show that plaintiff "had any functional limitations with the condition." (ECF No. 27 at 6); (AR 432, 438). Moreover, defendant argues that the ALJ properly discounted plaintiff's testimony regarding her alleged limitations with her hands. *Id. See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The court agrees.

As Magistrate Judge Leen correctly notes in her R&R, the ALJ's findings were consistent with the opinions of consultative examiner, Dr. Cabaluna, who conducted various tests to determine the severity of plaintiff's CTS. (ECF No. 21 at 30); (AR 432). Dr. Cabaluna found that plaintiff could perform all of the tasks requested of her, including buttoning and unbuttoning her clothing, opening a tightly sealed jar, and picking up a coin from a flat surface. *Id.* Accordingly, as the R&R notes, the ALJ "correctly found that the record does not support any work-related limitations associated with [plaintiff's CTS]." (ECF No. 21 at 31).

As plaintiff has failed to provide adequate or authoritative support for her objections, the court hereby adopts Magistrate Judge Leen's R&R in its entirety. Accordingly, the court will deny plaintiff's motion to remand, and grant defendant's cross-motion to affirm.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Leen's report and recommendation (ECF No. 21) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's motion to remand to the Social Security Administration (ECF No. 14) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's cross-motion to affirm (ECF No. 15) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED January 8, 2019.

_____
UNITED STATES DISTRICT JUDGE